UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Paul M. Cruz | | N/A | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:** IN CHAMBERS ORDER re Motion to Dismiss filed by Defendant All American Pharmaceutical and Natural Foods Inc. [17]

## I.   INTRODUCTION[1]

On April 12, 2013, Plaintiff Drew Yacu filed a First Amended Complaint ("FAC") against Defendant All American Pharmaceutical & Natural Foods Inc., alleging violations of various California consumer protection laws.  Defendant, a Montana corporation, manufactures "Kre-Alaklyn EFX Creatine" (the "Product"), a dietary supplement consumers use to build muscle.  (FAC ¶¶ 3-9).  Plaintiff alleges, individually and on behalf of a class of similarly situated consumers, that Defendant made several false or misleading claims about the Product on its label and on Defendant's website concerning the Product's superior absorption, reduced side effects, and reduced dosing compared to competing products containing the generic ingredient, creatine monohydrate (for simplicity, "creatine monohydrate").  (Id. ¶ 10-11).

On June 17, 2013, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. 17).  For the reasons below, the motion is GRANTED IN PART and DENIED IN PART.

//

---

[1] Upon review of the parties' briefs, the Court concludes that the Motion is suitable for determination without oral argument.  Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing scheduled for Monday, July 29, 2013, at 1:30 p.m., is hereby VACATED.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

**II. FACTUAL ALLEGATIONS**

On or about December 14, 2011, Plaintiff purchased the Product from the website of an online retailer, DPS Nutrition, from his residence in Los Angeles, California. (FAC ¶ 23). Prior to the purchase, Plaintiff reviewed and relied upon the Product label and the websites of both Defendant and DPS Nutrition. (Id. ¶¶ 27, 29).[2] Defendant provides retailers, such as DPS Nutrition, information for the sale and promotion of its Product. (FAC ¶ 28). Plaintiff asserts that the claims on the Product and the websites were false or misleading in three respects.

First, Plaintiff alleges that one set of claims is misleading because it implies that the Product has "superior bioavailability" compared to creatine monohydrate — i.e., the Product is less likely than creatine monohydrate to lose its potency through chemical degradation before reaching a consumer's muscles. (FAC ¶ 34).[3] Plaintiff alleges that this is misleading because studies have shown that creatine monohydrate generally experiences "negligible" degradation in the GI tract, and that "there was no evidence, in a peer reviewed published study, that creatine monohydrate supplementation experienced a greater degradation than the Product." (FAC ¶ 35, Ex. E).

Second, Plaintiff asserts that a second set of claims is misleading because it suggests that a consumer would need a smaller dosage of the Product to achieve the same or better results as a larger dosage of creatine monohydrate. (FAC ¶ 36-39).[4] Plaintiff argues these claims are misleading because

---

[2] A photocopy of the Product label is attached to the FAC as Exhibit A. A photocopy of the Defendant's website, www.aaefx.com, is attached to the FAC as Exhibit B. A photocopy of DPS Nutrition's website, www.dpsnutrition.net, is attached to the FAC as Exhibit C.

[3] The specific claims are: (1) "Kre-Alkalyn® EFX is the only creatine monohydrate product in the world with a pH above 12 because its molecules are synthesized with 'buffering' agents using a patented manufacturing process. As a result, it passes intact to the bloodstream and reaches muscles at full strength"; (2) "Therefore, the pH of all other creatine products must be pH 6.9 or less-meaning they will all lose potency in liquids"; (3) "Creating + H20 = Ceratinine"; and (4) "The world's only creatine that doesn't lose potency before reaching muscle." (FAC ¶ 34).

[4] The specific claims are: (1) Defendant's suggested dosage of the Product is 2 capsules daily, which totals 1.5 grams of the Product; (2) "Increase your: Lean muscle mass, Training Intensity, Real-World Strength"; (3) "And you'd only need a small amount since the full dose could finally reach your muscle cells intact"; (4) "At low doses (1.5-3 grams) Kre-Alkalyn® boosts endurance and training capacity for up to three hours"; (5) "In just 60 days, the Kre-Alkalyn® group experienced an overall

|   |   | : |   |
|---|---|---|---|
|   | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

studies have shown that neither smaller dosages nor equivalent dosages of the Product reaped greater changes in muscle creatine content, body composition, strength, or anaerobic activity than compared to creatine monohydrate. (FAC ¶ 40). In addition, Plaintiffs contend the claims are misleading because studies have shown that the statement that "small levels of dosing are sufficient for improved physiological response" is unfounded, and that Defendant's claims regarding the efficacy of the Product are in fact based on a study in which patients used 7.5 grams of the Product per day. (FAC ¶¶ 43-48).

Last, Plaintiff contends that a third set of claims are misleading because they insinuate that the Product has none of the side effects that accompany usage of creatine monohydrate, including water-retention or "loading." (FAC ¶ 49).[5] According to Plaintiff, these claims are misleading because scientific studies have shown that (1) creatine monohydrate can have its desired effects without any "loading phase;" (2) a 6-week study providing subjects with approximately 2-3 grams per day of creatine monohydrate observed "no significant increase in total body water content;" and (3) there was no evidence that the Product results in fewer side effects compared to creatine monohydrate. (FAC ¶ 50).

In sum, Plaintiff alleges that Defendant's claims regarding superior bioavailability, lower dosage, and diminished side effects are part of an attempt "to deceive consumers into purchasing an otherwise negligible or inferior product at marked up prices." (FAC ¶ 51). Plaintiff alleges that the Product does not deliver the claimed benefits. (FAC ¶ 58). Accordingly, he alleges that the Product "was worth less, if it all, than what Plaintiff paid for it," and that he would not have purchased the Product absent these claims and advertisements. (FAC ¶ 56-57). Thus, Plaintiff alleges he lost money in that he did not receive what he paid for when purchasing the Product. (FAC ¶ 59).

Accordingly, Plaintiff asserts five claims pursuant to California law: (1) unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200; (2) violation of the California Legal Remedies Act, Cal. Civ. Code 1770; (3) violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq.; (4) breach of express warranty; and (5) unjust enrichment. Plaintiff seeks

---

strength increase of 28.5% above those in the creatine monohydrate group"; (5) "Strength, Lean Mass, Endurance." (FAC ¶¶ 36, 37, 39).

[5] The specific claims are: (1) "No Loading"; (2) " . . . without puffy bloating, cramping or loading or cycling"; (3) "It would mean no need to load or cycle"; (4) "Most importantly, Kre-Alkalyn® results in strength and performance enhancement without water retention or any other common side effects"; (5) "No Side Effects"; and (6) "All The Benefits of Creatine Without the Downside." (FAC ¶ 49).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

compensatory, consequential and special damages, statutory damages, punitive damages, attorneys' fees and costs, injunctive relief, and restitution. (FAC at 27-28). In pursuing these claims, Plaintiff seeks to represent both a California statewide and nationwide class encompassing "[a]ll Persons . . . who have spent money purchasing the above stated Products from Defendants from four years from the first-filed complaint in this action until the final disposition of this and any and all related cases." (FAC ¶ 62).

### III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." Odom v. Microsoft Corp, 486 F.3d 541, 545 (9th Cir. 2007).

Where a plaintiff alleges a "unified course of fraudulent conduct" and relies on that course of conduct as the basis of a claim, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading as a whole must satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." In re Glenfed Inc. Sec. Litig., 42 F.3d 1541, 1548 n.7 (9th Cir. 1994), superceded by statute on other grounds (internal quotation marks omitted). Put differently, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Glenfed, 42 F.3d at 1548). While the circumstances of fraud must be pled with particularity, "malice, intent, knowledge, and other conditions of a persons mind, including scienter, can be alleged generally." United States v. Corinthian Colleges, 655 F.3d 984, 996 (9th Cir. 2011) (internal quotation marks omitted).[6]

---

[6] It is undisputed that Plaintiff's claims, save the breach of express warranty claim, stem from the core allegation that Defendant made false and misleading statements on its label and website.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

### IV. DISCUSSION

Defendant argues that Plaintiff's claims under the UCL, CLRA, and FAL must fail because Plaintiff has failed to allege any false or misleading statements on Defendant's label or website with sufficient plausibility (Rule 8) or with adequate particularity (Rule 9(b)). According to Defendant, to the extent Plaintiff contends that the statements are misleading because they lack scientific support, such a lack of substantiation theory does not give rise to fraud. Additionally, Defendant argues that many of the statements at issue constitute non-actionable puffery. In any event, Defendant maintains that none of the claims are actually false or misleading. The Court examines each of the three categories of allegedly misleading statements in turn, and concludes that Plaintiff's allegations are sufficient to survive dismissal.

#### A. Bioavailability

Plaintiff first alleges that Defendant's statements regarding the Product's superior bioavailability compared to creatine monohydrate are false and misleading. Most notably, Defendant claims that the Product is "[t]he worlds only creatine that doesn't lose potency before reaching muscle." (FAC ¶ 34D). Preliminarily, the Court finds that Plaintiff has pleaded the circumstances of fraud with sufficient particularity. Plaintiff has attached photocopies of the Product label and the websites on which the representations were originally placed. (FAC, Exs. A, B, C). Further, the FAC adequately alleges that these statements are false or misleading because studies have affirmatively shown that other forms of creatine monohydrate have effectively 100% bioavailability – i.e., that other forms of creatine also do not lose potency before reaching muscle. (FAC ¶ 35). Accordingly, Rule 9(b) is satisfied.

Contrary to Defendant's argument, Plaintiff does not rely on a lack of substantiation theory – i.e., that Defendant lacks scientific support for its claim that the Product is the only product in the world that does not lose potency before reaching muscle. Rather, Plaintiff alleges that Defendant's statement is demonstrably false because studies have shown that *other* forms of creatine also do not lose potency before reaching muscle. Therefore, this argument fails.

Nor does Defendant's statement amount to mere puffery. "Product superiority claims that are vague or highly subjective often amount to nonactionable puffery." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir. 1997). On the other hand, "misdescriptions of specific or absolute characteristics of a product are actionable." Id. In Southland, for example, the Ninth Circuit

---

Accordingly, these claims are grounded in fraud and must satisfy the Rule 9(b) heightened pleading requirements.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

ruled that the defendant's claim that its turfgrass sod and seed needed "50% Less Mowing" was actionable. Id. Similarly here, Defendant's claim that the Product is the only creatine in the world that does not lose potency is a specific and measurable characteristic of creatine products that could be proven false. Accordingly, Plaintiff's claims based on Defendant's bioavaiability statements are not based on non-actionable puffery.

Last, Defendant argues that Plaintiff has failed to allege with plausibility that the statements regarding the Product's superior bioavailability are false or misleading. According to Defendant, Plaintiff has not alleged facts disputing that the Product is the only creatine product with a pH over 7.0, and that products with pH 6.9 or less will lose potency in water. Although the FAC does not refute these principles directly, the pleading does allege facts which, if true, would render these statements misleading to a reasonable consumer. Plaintiff specifically identifies studies which found that creatine monohydrate was effectively 100% bioavailable. Assuming this is true, as it must, the Court concludes that Plaintiff has plausibly alleged that Defendant's statements violated the UCL, FAL, and CLRA.

Plaintiff's claims under these California statutes are governed by the "reasonable consumer" test set forth in William v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008). To prevail under this standard, Plaintiff must show "show that members of the public are likely to be deceived." Id. (internal citation and quotation marks omitted). Members of the public may be deceived "not only [by] advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." Id. (internal quotation marks omitted). Here, if it is true that the Products and creatine monohydrate are both 100% bioavailable in effect, then Defendant's assertion that the Product is the "world's only creatine that doesn't lose potency" may be misleading: a reasonable consumer could be led to believe that the Product is more bioavailable compared to creatine monohydrate even though it is not. Accordingly, Plaintiff's state-law claims based on the bioavailability statements state a plausible claim for relief.

**B.    Dosage**

Plaintiff next alleges that Defendant's statements regarding the Product's lower dosage regimen are misleading. Plaintiff takes issue primarily with three of Defendant's statements: (1) "At low doses (1.5-3 grams) Kre-Alkalyn® boosts endurance and training capacity for up to three hours"; (2) "And you'd only need a small amount since the full dose could finally reach your muscle cells intact"; and (3) "In just 60 days, the Kre-Alkalyn® group experienced an overall strength increase of 28.5% above those in the creatine monohydrate group." (FAC ¶ 39). The Court addresses these separately.

Plaintiff alleges that the first statement is misleading because "the statement that small levels of

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

dosing are sufficient for improved phsyiological response has been shown in literature to be unfounded." (FAC ¶ 43). The FAC includes a footnote listing several studies that purportedly support this finding. Even accepting these studies' conclusion at face value, this allegation is too vague to state a plausible claim of fraud. There is no suggestion that these studies were conducted on the Product in question. Moreover, while the studies vaguely investigated "physiological responses" generally, the Court cannot justifiably infer that they investigated whether the Product boosted endurance and training capacity specifically. Accordingly, this statement does not state a plausible claim.

Plaintiff stands on firmer footing, however, in challenging Defendant's other two statements found on its website: (1) "And you'd only need a small amount since the full dose could finally reach your muscle cells intact" and (2) "In just 60 days, the Kre-Alkalyn® group experienced an overall strength increase of 28.5% above those in the creatine monohydrate group." (FAC ¶ 39). According to the FAC, the statements are misleading because they fail to disclose that the 28.5 percent statistic was based on a 2006 study in which subjects took *7.5 grams* of the Product per day. (FAC ¶¶ 46-48).

For an omission to be actionable under the CLRA, FAL, and CLRA, "the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." Daugherty v. American Honda Motor Co., Inc., 51 Cal. Rptr. 3d 118, 126 (Ct. App. 2006). California courts have found that such a duty may arise where "the defendant makes partial representations that are misleading because some other material fact has not been disclosed." Collins v. eMachines, Inc., 202 Cal. App. 4th 249, 255–56 (2011) (citing LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997)). "[A] fact is deemed 'material,' and obligates an exclusively knowledgeable defendant to disclose it, if a 'reasonable [consumer]' would deem it important in determining how to act in the transaction at issue." Id. at 256.

Based on these well-pleaded facts, the Court may infer that these statements would deceive a reasonable consumer into believing that by taking the Product at the recommended dosage (*1.5 grams* per day), he or she could achieve a marked increase in strength relative to someone who takes creatine monohydrate.[7] The fact that the touted relative strength gain of 28.5 percent was based on a daily

---

[7] The FAC alternatively contends that Defendant's claim that the Product confers 28.5 percent more strength gains than creatine monohydrate, standing alone, is literally false. (FAC ¶ 40). The FAC points to Exhibit E, which describes another study in September 2012 that concluded that, when administered at the same dosages, the Product *did not* produce greater strength than creatine monohydrate. (FAC ¶ 40, Ex. E). While this may be true, the FAC also explicitly references the 2006 study, which found that the Product *did* yield 28.5 percent greater strength gains compared to creatine monohydrate. (FAC, Ex. D). In light of these conflicting studies, the Court cannot plausibly infer that

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

Case 2:13-cv-00508-SVW-JCG Document 20 Filed 07/24/13 Page 8 of 10 Page ID #:264

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

dosage of 7.5 grams, *five times* the recommended daily dosage of the Product, would arguably constitute a material fact a reasonable consumer would rely upon when deciding whether to purchase the Product.[8] Therefore, Defendant had a duty to disclose this fact and its failure to do so plausibly supports a fraudulent misrepresentation claim under the California statutes.

This conclusions comports with a recent disposition by the Ninth Circuit. In Chavez v. Nestle USA, Inc., 511 Fed. App'x 606 (9th Cir. 2013), the Court of Appeals ruled that plaintiffs adequately alleged that defendant's "Juicy Juice Brain Development" label was misleading because the complaint alleged that the product contains tiny amounts of the touted ingredient, DHA, such that young children would need to consume an impractical and extremely high quantity of juice each day to promote brain development. Id. at *1. By analogy, Defendant's statements touting its relative strength gains are arguably misleading because consumers would need to consume substantially greater quantities each day to achieve such results. Therefore, Plaintiff's state-law claims based on these statements are sufficiently pled to survive dismissal.[9]

### C. Side Effects

Last, Plaintiff alleges that Defendant's statements regarding the Product's reduced side effects compared to creatine monohydrate are misleading. To review, Defendant's website asserts that the Product has "[a]ll the benefits of creatine *without the downside*," and separately notes that the Product (1) has "no side effects," (2) promotes strength enhancement "without water retention or any other common side effects," and (3) is not accompanied by "puffly bloating, cramping or loading or cycling." (FAC ¶ 49) (emphasis added).

Plaintiff alleges that the foregoing statements are misleading because numerous studies suggest

---

Defendant's statement that the Product reaps 28.5 percent greater strength that creatine monohydrate is misleading in and of itself.

[8] It is well established, and undisputed by the parties, that an omission of a material fact is actionable under the UCL, FAL, and CLRA. See, e.g., O'Shea v. Epson America, Inc., 2011 WL 3299936, at *4-5 (C.D. Cal. July 29, 2011) (analyzing UCL, FAL, and CLRA claims together based on plaintiff's theory of misrepresentation by omission).

[9] The Court is satisfied that these claims are pled with sufficient particularity under Rule 9(b). As described above, the FAC attaches a photocopy of the website in which the allegedly fraudulent statements are made, and adequately explains why these statements are misleading.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

that creatine monohydrate does not have the relative "downsides" that Defendant's website suggests. The FAC cites several studies finding that creatine monohydrate also produces significant increases in muscle strength, mass, and performance without side effects such as a loading phase or water retention. (FAC ¶¶ 50A, C). Further, the previously referenced 2012 study concluded that "there was no evidence that supplementing the diet with a buffered form of creatine resulted in fewer side effects than [creatine monohydrate]." (FAC, Ex. E). Another study found that a daily dose of 5 grams of creatine did show an increase in total body water content, but not in fluid distribution. (FAC ¶ 50D).

As an initial matter, the Court finds that Plaintiff's claims are pled with sufficient particularity, as the Court is able to discern what the alleged misrepresentations were and why they were allegedly false. Moreover, for the same reasons as before, the Court does not find that Defendant's statements are merely puffery. Whether or not the Product has fewer side effects compared to creatine monohydrate is neither vague nor subjective. Although the word "downside" might be too vague to be actionable standing alone, here the FAC alleges that Defendant made ancillary statements specifying the particular "downsides" at issue. Read in context, Defendant's statements concern specific and measurable traits that can be verified. See Southland, 108 F.3d at 1145.[10] Thus, the remaining question is whether the FAC states a plausible claim for relief under Rule 8 and Twombly/Iqbal.

The Court concludes that Plaintiff has adequately stated a claim. Assuming the FAC is correct that studies have repeatedly shown that creatine monohydrate does not result in the side effect of a loading phase, a reasonable consumer could be deceived by Defendant's statements. Specifically, the claim that the Product lacks "the downside" of creatine, coupled with the assertion that the Product is not accompanied by loading, could lead a reasonable consumer to believe that the Product is superior to creatine monohydrate because it has reduced loading side effects, when in fact it does not. Accordingly, Plaintiff's state-law claims based on Defendant's statements regarding loading survive dismissal.

The Court is unable to reach the same conclusion with respect to water retention. The fact that the FAC cites some studies that have found no water retention associated with creatine monohydrate, but also cites one study that *did* find water retention, suggests at most that the research on this particular downside is inconclusive or unsubstantiated. However, claims for lack of substantiation do not give rise to a private cause of action under the California consumer statutes. See, e.g., Fraker v. Bayer Corp., No. 08-1564, 2009 WL 5865687, at *8 (E.D. Cal. Oct. 6, 2009) (dismissing UCL, FAL, and CRLA claims

---

[10] Because the Court concludes in this section and the foregoing sections that Defendant's statements do not constitute non-actionable puffery, the Court rejects Defendant's motion to dismiss the breach of express warranty claim on this ground. As Defendant has raised no other argument to support dismissal of the breach of express warranty claim, the Court does not address it further in this Order.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00508-SVW-JCG | Date | July 24, 2013 |
|---|---|---|---|
| Title | Drew Yacu v. All American Pharmaceutical and Natural Foods Inc et al | | |

because "there is no private remedy for unsubstantiated advertising" and because absence of substantiation is not, in and of itself, misleading) (citing Nat'l Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc., 133 Cal. Rptr. 2d 207 (2003)). Therefore, the FAC's allegations regarding water retention do not give rise to an actionable claim.

### D.     Unjust Enrichment

The Court agrees with Defendant that California does not recognize a freestanding cause of action for unjust enrichment. Although California courts occasionally have recognized that unjust enrichment may constitute a distinct claim, see, e.g., Lectrodryer v. SeoulBank, 91 Cal. Rptr. 2d 881, 882-84 (Ct. App. 2000); First Nationwide Sav. v. Perry, 15 Cal. Rptr. 2d 173, 176-77 (Ct. App. 1992), more recently courts have appeared to coalesce around the opposite view. See, e.g., Levine v. Blue Shield of Cal., 117 Cal. Rptr. 3d 262, 278-79 (Ct. App. 2010) ("Although some California courts have suggested the existence of a separate cause of action for unjust enrichment, this court has recently held that ' '[t]here is no cause of action in California for unjust enrichment.' Unjust enrichment is synonymous with restitution. Thus, the Levines' unjust enrichment claim does not properly state a cause of action.' " (citations omitted)); Durell v. Sharp Healthcare, 108 Cal. Rptr. 3d 682, 699 (Ct. App. 2010) ("[T]here is no cause of action in California for unjust enrichment." (alteration in original)).

Federal courts in California are generally in accord with this recent consensus. See, e.g., Forcellati v. Hyland's, Inc., No. CV 12–1983–GHK, 2012 WL 2513481, at *9 (C.D. Cal. June 1, 2012); Williamson v. Reinalt–Thomas Corp., No. 5:11–CV–03548–LHK, 2012 WL 1438812, at *5 (N.D. Cal. Apr. 25, 2012) (collecting cases from California state and federal district courts); but see Monet v. Chase Home Finance, LLC, 2010 WL 2486376, at *3-4 (N.D. Cal. June 16, 2010). Unpublished Ninth Circuit cases have held the same. See, e.g., Smith v. Ford Motor Co., 462 Fed. App'x. 660, 665 (9th Cir. 2011) ( "Plaintiffs also appeal the district court's ruling that unjust enrichment is not an independent cause of action in California. This argument has no merit.") (collecting California authorities). Accordingly, Defendant's motion to dismiss this claim is GRANTED.

### V.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED as to Plaintiff's claims under the UCL, FAL, and CLRA, and the breach of express warranty claim. The motion is GRANTED as to the unjust enrichment claim, which is hereby DISMISSED WITH PREJUDICE. Plaintiff is ORDERED to file a properly noticed motion for class certification by Friday, October 25, 2013. Defendants may file an opposition two weeks thereafter. Plaintiff may file a reply one week thereafter. Hearing will be held on Monday, November 25, 2013, at 1:30 p.m.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |