Kenneth M. Seeger (State Bar No. 135862)
Adam R. Salvas (State Bar No. 191379)
SEEGER • SALVAS LLP
455 Market Street, Suite 1530
San Francisco, CA  94105
kseeger@seegersalvas.com
asalvas@seegersalvas.com
Telephone:    (415) 981-9260
Facsimile:     (415) 981-9266

Attorneys for Defendants All American
Pharmaceutical & Natural Foods Inc.
dba All American EFX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW YACU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALL AMERICAN PHARMACEUTICAL & NATURAL FOODS, INC. dba ALL AMERICAN EFX,<br><br>Defendants. | Case No. 2:13-cv-00508-SVW-JCGx<br><br>**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY**<br><br>Honorable Stephen V. Wilson<br><br>NOTE CHANGES MADE BY THE COURT. |

Consistent with Federal Rule of Civil Procedure 26(c), in order to promote the exchange of relevant information among the parties and at the same time protect the privacy of confidential information, the parties hereby agree and stipulate as follows:

Part One: Use Of Confidential Materials In Discovery

1.     Any party or non-party may designate as "**Confidential**" (by marking the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information

- 1 -

involving trade secrets, confidential business or financial information, private or proprietary information that is entitled to protection under law. Where a document consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "**Confidential**" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in **paragraph 4** below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in **paragraph 4** below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. Any party may designate as "Confidential – Attorneys' Eyes-Only" (by marking the relevant page or as otherwise set forth herein) any document, discovery response, or deposition testimony which that party considers in good faith to contain such confidential information that it would be detrimental to that party to share such information with the other party.

4. Any party to this action may object to and challenge the "Confidential" or "Confidential – Attorneys' Eyes-Only" designations made by the

producing party. The challenging party must first meet and confer with the producing party in an attempt to resolve the challenge. In the event agreement cannot be reached, the challenging party may make written application to the Court describing with specificity the particular materials for which the designation is being challenged and specifying any and all grounds for the challenge. The party seeking to maintain materials as "Confidential" or "Confidential – Attorneys' Eyes-Only" generally bears the burden of proof as to such designation. Material designated "Confidential" or "Confidential – Attorneys' Eyes-Only" shall continue to be treated as such pending determination by the Court of the merits of any challenge.

5. All information designated as "Confidential" or "Confidential – Attorneys' Eyes-Only" may be used by the party or parties to whom the information is produced solely for the purpose of this litigation, and for no other purpose. Any person receiving "Confidential" or "Confidential – Attorneys' Eyes-Only" information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. **"Confidential" information shall not be disclosed to any person other than**: (a) counsel to the parties in this action, including in-house counsel; (b) employees of such counsel; (c) officers or employees of a party to this action, to the extent deemed necessary by counsel; (d) consultants or expert witnesses retained for the prosecution or defense of this action, provided that each such person shall execute a copy of the Certification annexed to this Confidentiality Agreement (which shall be retained by counsel and made available for inspection by opposing counsel during the pendency or after the termination of the action upon order of the Court on good cause shown) before being shown or given any Confidential information, and provided that if the party chooses a consultant or expert employed by a competitor of an opposing party (whether as an employee or consultant), the party shall notify the opposing party before

disclosing any Confidential information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure; (e) the Court, Court personnel, and court reporters in this litigation; and (f) third-party witnesses (*i.e.*, witnesses other than persons described in paragraph 4(c)). A third-party witness shall sign the Certification before being provided confidential information; and if the third-party witness is employed by a competitor of an opposing party (whether as an employee or consultant), the party shall notify the opposing party before disclosing any Confidential information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure.

7. **"Confidential – Attorneys' Eyes-Only" information shall not be disclosed to any person other than**: (a) counsel to the parties in this action; (b) employees of such counsel; and (c) the Court, Court personnel, and court reporters in this litigation.

8. A party may designate as "Confidential" or "Confidential – Attorneys' Eyes-Only" information or documents produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or material.

9. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.

10. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

11. If another court or an administrative agency subpoenas or otherwise orders production of a document designated as "Confidential" or "Confidential – Attorneys' Eyes-Only" that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall **promptly** notify counsel for the supplying party in writing via fax and overnight delivery of all of the following: (1) the documents or information designated as "Confidential" or "Confidential – Attorneys' Eyes-Only" that is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall a designated document be produced prior to the expiration of fifteen (15) days following transmission of written notice to counsel for the supplying party unless required to do so by the order seeking the documents.

12. If any party learns of any unauthorized disclosure of documents or information subject to this Protective Order, it shall immediately inform the Court and counsel in writing of all pertinent facts relating to such disclosure.

13. ~~The following provisions govern the treatment of Confidential Information used at in this Court, whether pursuant to motion practice or at trial.~~ These provisions are subject to the Local Rules of this Court and must be construed in light of and consistent with those Rules.

- 5 -

14. Pursuant to this Order, a party that files with the Court or seeks to use at trial, information or materials designated as "Confidential" or "Confidential – Attorneys' Eyes-Only" shall file such information or material under seal to the full extent permitted by this Order and Court rules and procedures. *See L.R. 79-5.*

15. In connection with any judicial proceeding in which a party submits "Confidential" or "Confidential – Attorneys' Eyes-Only" information, all documents and copies containing such information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word **"CONFIDENTIAL"** shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> **"This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."**

16. Upon final termination of this action, whether by judgment, settlement or otherwise, upon written request from counsel for the Supplying Party, counsel for all Parties shall return to counsel for the Supplying Party all materials and all copies thereof in his/her possession that were subject to this Protective Order and/or, in the alternative, provide a written statement to counsel for the Supplying Party that all copies of such materials in his or her possession, including copies upon which any notes have been made, have been destroyed.

1  DATED: August 16, 2013.

3              By:       /s/ Ken Seeger
4                        Kenneth M. Seeger
                         SEEGER · SALVAS LLP
5                        Attorneys for Defendants
                         All American Pharmaceutical & Natural Foods Inc.
6                        dba All American EFX

8  DATED: August 19, 2013.

10             By:       /s/ Jonathan Shub
11                       Jonathan Shub
                         SEEGER WEISS LLP
12                       Attorneys for Plaintiff Drew Yacu

16 **IT IS SO ORDERED**, this 20th day of _August_, 2013.

19                       Honorable Stephen V. Wilson  Jay C. Gandhi
                         United States District Court Judge
20

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order in the case *Drew Yacu v. All American Pharmaceutical & Natural Foods Inc. dba All American EFX*, Case No. 2:13-cv-00508-SVW-JCGx pending in the United States District Court, Central District of California. I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made there from – in a secure manner to prevent unauthorized access to it. I hereby consent to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the Protective Order.

DATED: _____.

By: _____

**PROOF OF SERVICE**

On August 19, 2013, I electronically filed the foregoing documents with the clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses to the attorneys of record in this action.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 19, 2013, at San Francisco, California.

/s/ Adam R. Salvas
Adam R. Salvas